IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Respondent/Plaintiff, | § |
| VS. | § Criminal Action No. H-07-512 |
| BENJAMIN SUTTON, III, | § |
| Movant/Defendant. | § |
| Civil Action No. H-10-4919 | § |

**ORDER**

Based on Benjamin Sutton's motion, the government's response and motion, the record, and the applicable law, this court grants the government's motion for summary judgment and, by separate order, enters final judgment. The reasons are explained below.

**I.     The Section 2255 Standard**

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A section 2255 motion requires an evidentiary hearing unless the motion, the files, and

the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)), *cert. denied*, 502 U.S. 1076 (1992). A movant is barred from raising claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *Id.* at 232 (citations omitted). If the error is not of constitutional or jurisdictional magnitude, the defendant must show that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id.* at 232 n.7, *quoted in United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007 (1992).

Sutton is *pro se*. "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir.1999). *Pro se* pleadings are liberally construed. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir.1997). *Pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir.1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir.1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir.1983) ("Absent evidence in the record, a court cannot consider a habeas

petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## II. Analysis

### A. The Substantive Claims

Sutton argues that his guilty plea was not knowing and voluntary because he believed he was making a conditional plea in which Counts 2 and 4 would be dismissed, and that he was induced to plead guilty on the basis of the government's alleged oral agreement that his guilty plea would be conditioned on the dismissal of Counts 2 and 4. The rearraignment transcript and trial counsel's affidavit show that this claim has no merit, as a matter of law.

Sutton's defense counsel, Thomas A. Glenn, stated in his affidavit that:

> [A]t no time was there a discussion between myself, the Government and Mr. Sutton regarding a "conditional plea of guilty." To the contrary, in preparing Mr. Sutton for re-arraignment he was admonished that the court before accepting his guilty plea would ask him if any one had made him any promises in exchange for his guilty plea.
>
> [N]ever was there any discussion or promise that his guilty plea was conditioned on the promise that the counts II and IV of the indictment would be dismissed. I never had any conversation with Mr. Sutton where he discussed a conditional plea in exchange for the promise that the Government would dismiss counts I and IV.

The rearraignment included the following exchange:

> THE COURT: Mr. Sutton, how do you plead to this indictment, sir?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: Is it your statement here in court, under oath, that every allegation against you in the indictment and every statement made about

> you in the factual basis that you just went over are true and correct?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Are you making this guilty plea to Counts I through 4 freely and voluntarily?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Has anyone forced you or threatened you or done any harm to you or anybody else to get you to plead guilty?
>
> THE DEFENDANT: No, ma'am.

(Docket Entry No. 109).

Sutton also claims that there was an oral plea agreement that Counts 2 and 4 would be dismissed. This argument is also precluded by the transcript of the rearraignment and by defense counsel's affidavit. At the rearraignment, the following exchange took place:

> THE COURT: *There's no plea agreement in this case. That means that at the time of the sentencing, the government can ask me for the highest possible sentence available under the law. Do you understand that?*
>
> THE DEFENDANT: Yes, ma'am.

(Docket Entry No. 109 at 15, emphasis added). Sutton also stated that no one had made him any promises to get him to plead guilty, and that he was doing so because he was guilty and for no other reason. (*Id.*, p. 19). In addition, counsel stated as follows in his affidavit:

> [T]here was no conversation between AUSA McConnell and myself or my partner Harry E. Johnson, Sr. regarding the Government dropping counts II and IV on Mr. Sutton pleading guilty in a timely manner. *Because no such conversation ever took place, same could*

> *not have been relied on as an inducement for Mr. Sutton to enter a plea of gulity.*

(Affidavit at p. 3-4, emphasis added).

The rearraignment was thorough. Under oath and in open court, Sutton confirmed that he and his counsel had reviewed, and that Sutton understood, the indictment, the rights he was giving up, the consequences of his guilty plea, the factual basis for his plea, the absence of any plea agreement, and the absence of any defenses. The court admonished Sutton as to each of these areas as well and found that he had entered a knowing, voluntary, and informed plea.

Sutton also argues that the court improperly calculated his sentence. Sutton cannot use a §2255 motion to challenge guideline sentence calculation, unless he demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a fundamental defect inherently resulting in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1108 (5th Cir. 1998); *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994). Moreover, Sutton's arguments are without merit. There is no basis for his challenge to the Guideline or statutory computation.

### B.     The Challenge to Counsel's Effectiveness

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel at trial and on direct appeal. *See* U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003). The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (emphasis added). Claims for ineffective assistance of counsel are analyzed under a two-prong standard.

First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, with a reliable result. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail under this standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor,* 529 U.S. 390, 390–91 (2000).

The first prong is only satisfied if the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687. Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

To the extent Sutton asserts claims that counsel was ineffective, they are meritless. Sutton had confessed to armed bank robbery. There is no basis to find particular errors by counsel that amount to ineffective assistance.

Given this record, no evidentiary hearing is required. When the files and records of a case make manifest the lack of merit of a section 2255 claim, the trial court is not required to hold an evidentiary hearing. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998); *United States*

*v. Smith*, 844 F.2d 203, 208 (5th Cir.1988) (per curiam); *United States v. Raetzsch*, 781 F.2d 1149, 1152 (5th Cir.1986); *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir.1981). No evidentiary hearing is required for this court to conclude that Garcia's claim does not entitle him to the relief he seeks.

### III. Conclusion

This court grants the government's motion for summary judgment and, by separate order, enters final judgment dismissing this case.

SIGNED on April 19, 2012, at Houston, Texas.

                                                    *[signature]*
                                                    Lee H. Rosenthal
                                                    United States District Judge